**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

**MEMORANDUM OF LAW AND ORDER**

Criminal Case No. 23-0368 (MJD/ECW) (1)

Cristina Ann Brooks,

Defendant.

---

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Cristina Ann Brooks, Defendant, pro se.

---

This matter is before the Court on Cristina Ann Brooks' Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Doc. 361.) The Government has responded. (Doc. 367.)

## I. BACKGROUND

Brooks was a member of a conspiracy to distribute multiple pounds of methamphetamine throughout the Twin Cities area from fall 2022 to November 2023. (Plea Agree. ¶ 2.) On December 13, 2023, Brooks and five other people were indicted for narcotics offenses. (Doc. 1.) On October 23, 2024, Brooks pleaded guilty to Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.

As part of her plea, Brooks agreed that although the parties had calculated Sentencing Guidelines they believed would apply to her case, the "Court [would] make its own determination regarding the applicable Guidelines factors and the applicable criminal history category." (Plea Agree. ¶¶ 7, 9.) Brooks also agreed, in pertinent part, to waive her right to appeal her sentence unless it was above the high end of the Guidelines range determined by the district court. (Id. ¶ 13.) Brooks waived her right to make any collateral challenge "under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel" or "new legal principles enunciated in Supreme Court case law . . . that are both substantive and have retroactive effect." (Id. ¶ 14.)

At sentencing, the Court adopted the Guidelines calculated in Brooks' PSR as its own, which were also the Guidelines the parties anticipated in the plea agreement. (See id. ¶ 7.)

| | |
|---|---|
| Total Offense Level: | 35 |
| Criminal History Category: | VI |
| Imprisonment Range: | 292 – 365 months |
| Supervised Release: | 5 years |
| Fine Range: | $40,000 - $10 million |
| Special Assessment: | $100 |

(Doc. 351 at 2.)

The Court then departed downward from criminal history category VI to criminal history category IV pursuant to U.S.S.G. § 4A1.3(b)(1) for overstatement of criminal history and granted Brooks' motion for a downward variance to calculate the Guidelines based on a methamphetamine mixture rather than pure methamphetamine. (Id. at 2-4.) Accordingly, the Court considered the following Guidelines for sentencing purposes:

| | |
|---|---|
| Total Offense Level: | 31 |
| Criminal History Category: | IV |
| Imprisonment Range: | 151 – 188 months |
| Supervised Release: | 5 years |
| Fine Range: | $40,000 - $10,000,000 |
| Special Assessment: | $100 |

(Id. at 4.) The Court sentenced Brooks to the statutory mandatory minimum sentence of 120 months. (Id. at 7.) Brooks did not appeal her sentence.

## II. DISCUSSION

Brooks filed a timely § 2255 motion asking the Court to vacate her sentence. (Doc. 361.) Brooks asks the Court to recalculate her criminal history, to find her eligible for safety valve, and to resentence her below the mandatory minimum of 120 months. (Id. at 8.) For the following reasons, the Court denies Brooks' motion.

### A. Standard for Relief Under 28 U.S.C. § 2255

Section 2255 provides the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Alternatively, a procedural default can be excused if a defendant demonstrates that she is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998); Foster v. United States, -- F.4th --, No. 25-2954, 2026 WL 3119744, at *1 (8th Cir. Oct. 19, 2026).

### 1. Brooks Waived Her Right to File Her Claims

Brooks waived her right to file a motion under 28 U.S.C. § 2255, except based on a claim of ineffective assistance of counsel or a retroactive change in the law that rendered her conviction or sentence illegal. (Plea Agree. ¶¶ 13, 14.) "A defendant may waive the right to seek collateral relief under § 2255." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011) (citations omitted). Courts enforce the waiver if "the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." Id.

Here, Brooks does not argue that she did not enter into the plea agreement knowingly and willingly or that she did not understand what rights she was giving up. Nor could she make that argument. (See Plea Agree. ¶¶ 3, 4, 14, 16 (places in plea agreement where Brooks agreed that she was acting knowingly and/or voluntarily).) Moreover, enforcing this waiver would not result in a miscarriage of justice. First, Brooks does not argue ineffective assistance of counsel. Second, Books does not claim that enforcing the waiver would result in a miscarriage of justice. Accordingly, the Court finds that Brooks' motion falls

within the scope of the waiver, which the Court will enforce. The motion is denied on this basis.

### 2. Brooks' Claims are Procedurally Defaulted

The Government argues that Brooks' claims are not only covered by her waiver, they are also procedurally defaulted because she could have raised them on appeal but did not. Brooks responds that under the plea agreement, she was foreclosed from appealing her sentence because she stipulated that she could not appeal. (Doc. 361.)

As stated above, relief under § 2255 is not available unless a movant establishes both cause for the procedural default and actual prejudice resulting from the error. Apfel, 97 F.3d at 1076; Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (stating that relief under § 2255 "is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice") (citations omitted). Moreover, a procedural default can be excused if a movant demonstrates that she is actually innocent. Bousley, 523 U.S. at 622; Foster, 2026 WL 3119744, at *1.

Even assuming, without deciding, that Brooks' claims are not procedurally defaulted due to her waiver in the plea agreement, Brooks has not demonstrated that her Guidelines calculations caused her prejudice or resulted in a complete miscarriage of justice. The Guidelines that the Court adopted for sentencing resulted in a criminal history category of IV, rather than VI. The Court then varied downward to the mandatory minimum, which was 31 months below the bottom of the Guidelines. Moreover, Brooks does not even attempt to establish her actual innocence, nor could she. "[A]ctual innocence" refers to "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

Therefore, because none of the exceptions to the procedural default rule apply here, Books' motion is also denied on this basis.

**3. Brooks' Claims based on Guideline Calculations are not Cognizable under § 2255**

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors. . . . Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.
>
> . . .

> [O]rdinary questions of guideline interpretation falling short of the "miscarriage of justice" standard do not present a proper section 2255 claim.

Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).

Brooks' claims regarding Guideline interpretation do not represent a miscarriage of justice. A sentence is a miscarriage of justice if it is "imposed without, or in excess of, statutory authority." Id. at 705. Brooks' 120 month sentence does not exceed statutory authority. The motion is denied on this basis.

**B. Evidentiary Hearing**

After a thorough review of Brooks' claims, the Court finds that "the motion and the files of the case conclusively show that the prisoner is entitled to no relief" and therefore, Brooks' petition can be dismissed without an evidentiary hearing. 28 U.S.C. § 2255(b); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**C. No Certificate of Appealability Shall Issue**

Because the basis upon which the Court dismisses is not fairly debatable, a certificate of appealability ("COA") will not issue in this matter. See 28 U.S.C. § 2253(c)(2) (defendant is entitled to a COA "only if [she] has made a substantial showing of the denial of a constitutional right"); Slack v. McDaniel, 529 U.S. 473,

478 (2000) (a COA must issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right").

## III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's Pro Se Motion to Vacate, Set Aside, or Correct her Sentence Under 28 U.S.C. § 2255 **[Doc. 361]** is **DENIED**;
2. This matter is **DISMISSED**; and
3. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court